UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN TAYLOR, on behalf of himself and all others similarly situated | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:19 CV 1705 RWS |
| MURPHY OIL USA, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff John Taylor purchased gasoline from Defendant Murphy Oil USA, Inc.'s (Murphy Oil) Fredericktown, MO gas station number 7230. While at the pump, Taylor observed two prices listed for each type of gas: a full price and a discounted price. Taylor contends the pump's price display was misleading, and that he was charged the higher price, which he also believed was labeled as the discounted price. Taylor brings this case against Murphy Oil, arguing that Murphy Oil's gas pumps' price displays violate the Missouri Merchandising Practices Act (MMPA), § 407.010 RSMo <u>et seq</u>. He seeks to represent a class of similarly situated consumers.

Murphy Oil now moves for summary judgment. Based on the undisputed material facts in this case, I find that Murphy Oil's pricing display is not deceptive,

misrepresentative, or unfair as a matter of law. Murphy Oil is entitled to summary judgment in its favor for the reasons set forth below.

I.  **Background**

The material facts in this case are not in dispute.[1] On April 18, 2019 Plaintiff John Taylor purchased gasoline from Murphy Oil gas station number 7230 in Fredericktown, MO. On three sides of the canopy at the gas station, signs displayed the current regular price per gallon for unleaded 87-octane gasoline. Taylor did not see these price displays. At the pump, Taylor noticed two prices displayed above each grade of fuel. The two prices differed by three cents; one price was marked as the "discounted price." Also on the pump was a sticker that said customers could save 3¢ per gallon by paying with a Walmart Gift Card. Taylor also did not see this sticker. Finally, under the dual price display were the words "price per gallon, all taxes included."

Taylor purchased fuel using a credit card—a Mastercard. To begin pumping gas, Taylor selected his fuel grade. When he did so, all price displays turned blank, except the price per gallon to be charged. Because Taylor did not pay with a Walmart gift card, he was charged the full price. He pumped 6.065 gallons and paid $2.339 per gallon for a total of $14.19.

---

[1] Unless otherwise noted, this section draws from (a) Defendant's statement of uncontroverted material facts, all but two of which Plaintiff admits and (b) Plaintiff's declaration attached to his response to Defendant's statement of facts.

## II. Legal Standard

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324.

In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004). "An assertion that a party does not recall an event does not itself create a question of material fact about whether the event did, in fact, occur." Bosley v. Cargill Meat Sols. Corp., 705 F.3d 777, 782 (8th Cir. 2013) (citation omitted).

## III. Analysis

### a. There is No Genuine Dispute of Material Fact

Taylor's opposition to summary judgment rests on his assertions that he either did not notice or did not understand the straightforward signage and displays that marked every stage of his transaction at Murphy Oil.

There is no dispute regarding the facts Murphy Oil sets forth in its Statement of Uncontroverted Material Facts. Taylor denies only two. [Taylor Resp. to Deft. SUMF, ECF No. 23, ¶¶ 1-2] For the two Taylor denies, he does not provide evidence that actually contradicts Murphy Oil's factual assertions. Instead, Taylor rests on his own assertions that he "do[es] not recall" or "could not observe" the gas station's other signage regarding the full price per gallon of gasoline, including the sticker that would have informed him he could secure a three-cent-per-gallon discount by paying with a Walmart gift card.

Taylor's resistance to Murphy Oil's facts on the ground that he does not recall observing them "does not itself create a question of material fact." Bosley v. Cargill Meat Sols. Corp., 705 F.3d 777, 782 (8th Cir. 2013). As a result, the contents of the signage and the pump display, as set forth by Murphy Oil, are not in dispute.

### b. Murphy Oil's Pricing Displays Did Not Violate the MMPA

To prevail on his MMPA claim, Taylor must prove he "(1) purchased merchandise (which includes services) from [Murphy Oil]; (2) for personal, family or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful under the Merchandising Practices Act." Murphy v. Stonewall Kitchen, LLC, 503 S.W.3d 308, 311 (Mo. Ct. App. 2016) (citing Hess v. Chase Manhattan Bank, USA, N.A., 220 S.W.3d 758, 773 (Mo. banc 2007)). The MMPA prohibits business from engaging in "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." § 407.020.1 RSMo.

Taylor asserts that Murphy Oil charged him more than the full price of the gasoline as a result of a false, misleading, and deceptive pump pricing display. Taylor believes the higher price was labeled as the discounted price, while the lower price was labeled as the full price. The uncontested facts in this case do not support his assertion. At each stage of the transaction, Taylor was presented with the full per-gallon price that he would pay unless he used a Walmart gift card to purchase fuel. The facts also establish that Taylor's pump contained a sticker

notifying Taylor that he could obtain a three-cent-per-gallon discount by using a Walmart gift card.

Taylor's MMPA claim is based on both his mistaken interpretation of the price display on the pump and his claim that he did not see the remaining information posted at the gas station that would further contextualize the price display. On the photo of the display Taylor submitted, there are several pieces of information. [Ex. 1, ECF No. 23-2] First, in large font, are grades of fuel (unleaded, unleaded plus, and super unleaded). Below each grade description, there are two prices displayed; the upper price is three-cents-per-gallon more than the lower price. The words "discounted price" appear between the two prices. Finally, under the price display are the words "price per gallon, all taxes included." Taylor contends that the "discounted price" label, which is centrally located between the two displays, refers to the higher of the two prices. He further contends that the "price per gallon, all taxes included" label, which is written in capital letters under the dual price display, refers only to the lower of the two prices, and identifies the lower price as the full price. This contention ignores the plain meaning of the words on the price display; "discounted price" refers to the discounted price. The words "price per gallon, all taxes included" inform the consumer that the displayed price—be it the higher full price or the lower discounted price—is the total price per gallon, including tax.

6

The additional uncontroverted material facts that Murphy Oil provides in support of summary judgment all conform to the same understanding of the price display. Murphy Oil is not attempting to trick consumers into paying more while believing they are receiving a discount, because Murphy Oil's display is clear: consumers can pay the full price, or they can receive a three-cent-per-gallon discount with a Walmart gift card. There is nothing false, misleading, or deceptive about Murphy Oil's offer of a three-cent per-gallon discount or its explanation to the consumer of how to obtain the discount. "No reasonable jury" could find otherwise. See Smith v. Basin Park Hotel, Inc., 350 F.3d 810, 813 (8th Cir. 2003) ("Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party.") (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

Murphy Oil consistently made clear what price Taylor would pay before Taylor began to pump gasoline during the visit in question, displayed the full and discounted price before Taylor inserted his payment method, and informed Taylor—whether he saw the signage or not—how to obtain the discounted price. Taylor was not charged the "higher discounted price," he was simply charged the full price when he did not pay with a Walmart gift card.

### c. Motion to Strike Murphy Oil's Reply

Taylor also moves under Fed. R. Civ. P. 12(f) to strike Murphy Oil's reply in support of summary judgment, because he contends the reply contains impertinent or scandalous material. Murphy Oil's reply specifically calls deceptive Taylor's submission of an incomplete photo of the Murphy Oil canopy to support Taylor's assertion that he did not see the full price per gallon prominently displayed on the canopy.

Taylor may not move to strike a reply brief under Fed. R. Civ. P. 12(f). <u>See, e.g.</u>, 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed.) ("Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)."). Even assuming there was some legal ground on which to strike Murphy Oil's reply, I would decline to strike it. It may be true that Taylor's presentation of the incomplete photograph of the Murphy Oil canopy was not obviously a result of Taylor's intent to deceive the Court. However, he has never actually contradicted Murphy Oil's contentions that the canopy correctly displayed the full price the day Taylor purchased the gasoline. He also has not submitted any evidence of the canopy other than the incomplete photo that, at best, is a result of poor photography or an incomplete view of the canopy.

Additionally, Taylor argues that I cannot consider the photos of the canopy Murphy Oil submitted because they are not properly authenticated. I need not resolve that issue, because Murphy Oil is entitled to summary judgment regardless of my ability to consider Murphy Oil's canopy photographs. Murphy Oil's reply is appropriate given the circumstances surrounding this case.

**IV. Conclusion**

There is no dispute regarding any of the material facts Murphy Oil submitted, and Murphy Oil's actions did not violate the Missouri Merchandising Practices Act as a matter of law. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Murphy Oil USA, Inc.'s motion for summary judgment [18] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff John Taylor's motion to strike [27] is **DENIED.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of January, 2020.